UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHIRLEY BIENEMY, ET AL** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 16-15413** |
| **THE HERTZ CORP., ET AL** | **SECTION: "E" (3)** |

### ORDER AND REASONS

This matter comes before the Court on a motion to remand filed by Plaintiffs, Shirley Bienemy, Troy Lynn Bell and Gary Clements.[1] On October 11, 2016, Defendants Daniel O'Connell and State Farm Mutual Automobile Insurance Company ("State Farm") removed this case to the Eastern District of Louisiana.[2] On October 31, 2016, Plaintiffs Shirley Bienemy, Troy Lynn Bell, and Gary Clements filed their motion to remand.[3] On November 14, 2016, the Court issued its order allowing each Plaintiff to file a sufficiently binding affidavit stipulating that it is a legal certainty that each Plaintiff will not be able to recover more than $75,000.[4] On November 23, 2016, the Plaintiffs filed affidavits stipulating damages.[5] The Court finds the Plaintiffs' newly filed affidavits are sufficient to demonstrate that it is a "legal certainty" each Plaintiff will not be able to recover damages beyond the jurisdictional amount. For the reasons that follow, the motion to remand[6] is **GRANTED**, and this action is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

---

[1] R. Doc. 4.
[2] R. Doc. 1.
[3] R. Doc. 4.
[4] R. Doc. 8, at 3.
[5] R. Docs. 13-1, 13-2, 13-3.
[6] R. Doc. 4.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 6, 2016, Plaintiffs filed a lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana. Plaintiffs allege personal injuries as a result of an automobile accident that occurred on or about November 1, 2015.[7] In their original complaint, Plaintiffs do not specify the amount of damages they are claiming. Instead, the Plaintiffs allege that as a result of this accident and resulting injuries, they sustained damages as follows: (I) Past, present and future pain, suffering, disability, and mental anguish; (II) Past, present and future medical expense; and (III) Loss of past, present and future economic income and earning potential.[8]

On October 11, 2016, Defendants Daniel O'Connell and State Farm removed this case to federal court.[9] In their notice of removal, the Defendants, Daniel O'Connell and State Farm explain, although "the [P]laintiffs' description of their alleged damages is vague . . . it is facially apparent from the [P]laintiff's Petition for Damages that the amount in controversy herein exceeds the $75,000.00 amount in controversy requirement for jurisdiction based upon diversity of citizenship."[10]

On October 31, 2016, Plaintiffs filed their motion to remand.[11] In their motion, Plaintiffs argue the amount in controversy in this case does not exceed $75,000.00.[12]

On November 14, 2016, the Court issued an Order allowing each Plaintiff to file a sufficiently binding affidavit stipulating that it is a legal certainty that each Plaintiff will not be able to recover more than $75,000.[13] In this Order, the Court explained, "Having

---

[7] R. Doc. 1-3, at 1.
[8] R. Doc. 1-3, at 2.
[9] R. Doc. 1.
[10] R. Doc. 1, at 2.
[11] R. Doc. 4.
[12] R. Doc. 4-2, at 4.
[13] R. Doc. 8, at 3.

considered the Defendants' notice, the Plaintiffs' motion to remand, and the applicable law, the court finds the Defendants have not met their burden, as the amount in controversy in this case is not facially apparent from the allegations in Plaintiffs' state court petition."[14] The Court also found, "as of the date of removal, the amount in controversy was ambiguous."[15]

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[16] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[17]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[18] When removal is based on federal diversity jurisdiction, the removing party must show that (1) complete diversity of citizenship exists between the parties, and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs[19] "The jurisdictional facts supporting removal are examined as of the time of

---

[14] *Id.*
[15] *Id.*
[16] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[17] 28 U.S.C. § 1441(a).
[18] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[19] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

removal."[20] "Ambiguities are construed against removal and in favor of remand because removal statutes are to be strictly construed."[21]

## LAW AND ANALYSIS

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to 1332(a)(1)."[22] Because Louisiana law prohibits state-court plaintiffs from claiming a specific amount of damages,[23] the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount at the time of removal.[24]  The removing defendant may meet its burden in one of two ways, either (1) by demonstrating that it was "facially apparent" from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering "summary-judgment type evidence" of facts in controversy, which support a finding that the requisite amount was in controversy.[25]

Even if the removing defendant meets its burden in either of these ways, a plaintiff may defeat removal by showing, to a legal certainty, that its recovery will be less than $75,000.00.[26]  A plaintiff's post-removal affidavit or stipulation offered for this purpose may be considered in limited circumstances.  If the amount in controversy is not facially

---

[20] *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).
[21] *Poche*, 2015 WL 7015575, at *2 (citing *Manguno*, 276 F.3d at 723).
[22] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).  See also *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[23] *See* LA. CODE CIV. PROC. Art. 893.
[24] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett*, 171 F.3d at 298.
[25] *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).  See also *Simon*, 193 F.3d at 850; *Luckett*, 171 F.3d at 298.
[26] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).  See also *Sterns v. Scottsdale Ins. Co.*, No. 09-6449, 2010 WL 2733771, at *3 (E.D. La. July 8, 2010).

apparent from the allegations in the state court petition and, in fact, is ambiguous at the time of removal, the court may consider a post-removal affidavit or stipulation to assess the amount in controversy as of the date of removal.[27] If, on the other hand, the amount in controversy is clear from the face of the state court petition, post-removal affidavits or stipulations that purport to reduce the amount of damages a plaintiff seeks cannot deprive the court of jurisdiction.[28] As already explained, this Court has already found that at the time of removal, the amount in controversy in this case was ambiguous.[29]

Because the amount in controversy was ambiguous at the time of removal the Court may consider a post-removal affidavit. Plaintiffs' newly attached affidavits are sufficiently binding. Plaintiffs' affidavits, each executed on November 23, 2016, stipulate the amount in controversy is less than $75,000.00 and state that each Plaintiff renounces his or her "right to recover in excess of $75,000.00 in the event that [they are] awarded above $75,000.00 in state court."[30] A plaintiff's stipulation regarding the amount in controversy is binding "if, within that stipulation, [he] expressly renounced his right to recover in excess of $75,000.00 in the event he was awarded above that amount in state court."[31] A plaintiff's stipulation that the amount in controversy is not satisfied is binding

---

[27] *Gebbia*, 233 F.3d 880, 883 (5th Cir. 2000); *Associacion Nacional de Pescadores v. Dow Quimica de Columbia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (When the affidavit "clarify[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper.). *See also Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195-SDD-RLB, 2015 WL 4772185 (M.D. La. Aug. 12, 2015); *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp. 2d 617, 619 (E.D. La. 2001) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").
[28] *Gebbia*, 233 F.3d at 883.
[29] R. Doc. 8, at 3.
[30] *See* R. Docs. 13-1, 13-2, 13-3.
[31] *McGlynn v. Huston,* 693 F. Supp. 2d 585, 593 (M.D. La. 2010). *See also Cummings*, 2015 WL 4772185, at *4; *Guidry v. Murphy Oil USA, Inc.*, No. 12-559-SDD-RLB, 2013 WL 4542433, at *7 (M.D. La. Aug. 27, 2013); *Printworks, Inc. v. Dorn. Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). *See also Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *2 (W.D. La. Nov. 12, 2014); *Smith v. State Farm Mut. Aut. Ins. Co.*, No. 09-6522, 2010 WL 3070399, at *2 (E.D. La. Aug. 3, 2010)

if, within that stipulation, he expressly renounces his right to recover in excess of $75,000.00 in the event he was awarded above that amount in state court. In this case, each Plaintiff has (1) expressly stipulated, by way of a binding affidavit, that the amount in controversy does not exceed $75,000.00, (2) waived any damages over $75,000.00, and (3) agreed to not enforce a judgment in which more than $75,000.00 is awarded.[32] As a result, the Court finds it is without jurisdiction to hear this matter. Remand is warranted.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Plaintiffs' motion to remand[33] this case to state court is **GRANTED**, and this case is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**New Orleans, Louisiana, this 30th day of November, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

("Ambiguity over the amount in controversy was created by the pre-removal petition's allegation that the claims would likely exceed that amount. Through binding affirmative post-removal affidavits attached to the second remand motion, plaintiffs have met their burden of clarifying with legal certainty that their claims at the date of filing in state court are for less than the diversity jurisdictional amount. Therefore, remand is warranted.").

[32] *See* R. Docs. 13-1, 13-2, 13-3.
[33] R. Doc. 4.